**NOT FOR PUBLICATION**

MAR 09 2017

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ANTHONY C. PARRISH and PETER J. HEBERT, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> RAY MABUS, in his official capacity as the Secretary of the Navy, <br><br> Defendant-Appellee. | No.  14-15228 <br><br> D.C. No. 1:12-cv-00621-BMK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Barry M. Kurren, Magistrate Judge, Presiding

Submitted February 24, 2017[**]
Honolulu, Hawaii

Before:  KOZINSKI, HAWKINS, and BEA, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Appellants Anthony Parrish and Peter Hebert (collectively, "Plaintiffs") appeal the adverse grant of summary judgment on their Title VII race discrimination and retaliation claims. We affirm.

Summary judgment was properly granted on all claims involving adverse employment actions due to the revocation of Plaintiffs' security clearances because we lack the ability to review the merits of a decision to grant or revoke a security clearance. *Dep't of the Navy v. Egan*, 484 U.S. 518, 527–29 (1988). In conducting a Title VII analysis, it is "impossible for the court to establish in the first place whether the [Defendant's] proffered reasons were legitimate without evaluating their merits." *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 197 (9th Cir. 1995). Even if the failure to follow normal agency procedures were circumstantial evidence of discriminatory intent, in order to evaluate the Title VII claims we would still need to weigh the merits of the proffered nondiscriminatory reasons for revoking the clearances, which we cannot do under *Brazil. Id.*

Plaintiffs failed to include any argument in their opening brief regarding the Title VII and retaliation claims that did not involve security clearances, and have thus waived any argument that the district court erred in granting summary judgment on these claims. *McKay v. Ingleson*, 558 F.3d 888, 891 n.5 (9th Cir. 2009). A bare assertion in a brief with no supporting argument, or an argument made only in

passing, is insufficient to avoid waiver. *See Christian Legal Soc. Chapter of the Univ. of Cal. v. Wu*, 626 F.3d 483, 488 (9th Cir. 2010).

**AFFIRMED.**